[No. 1362.   Decided July 17, 1894.]

P. F. WHITING, *Appellant*, v. E. L. COLLIER, *Respondent*.

JUSTICE OF PEACE — COMPENSATION — EFFECT OF CONSOLIDATION
OF CITIES.

Where two cities have been consolidated into one, making the population of the new town more than five thousand, the acting justice of the peace of one of the cities does not thereby become the justice of the peace of the consolidated city, and entitled to the provisions of the act providing a salary for justice of the peace in cities having a population of five thousand or more.

*Appeal from Superior Court, Whatcom County.*

*Bruce, Brown & Rayburn*, for appellant.

*Newman & Howard*, for respondent.

The opinion of the court was delivered by

HOYT, J. — Appellant was an acting justice of the peace of the city of New Whatcom, which was a city of less than five thousand inhabitants. This city and the city of Whatcom were afterwards consolidated into another city, also called New Whatcom, which, after such consolidation contained more than five thousand inhabitants. Appellant claims that by reason of such consolidation he became a justice of the peace in a city of more than five thousand inhabitants, and entitled to the benefit of the provisions of the act providing a salary for justices of the peace in cities

having that population, and by this proceeding in mandamus he sought to compel the issuance by the auditor of the county of a warrant for the payment of his salary as such justice.   The trial court refused the writ, and from the judgment dismissing the proceeding this appeal has been taken.

A preliminary question is presented as to the right of the appellant to require the auditor to issue the warrant without his claim having been first presented to the board of county commissioners for allowance or rejection, but the conclusion to which we have come as to the merits of the controversy between the appellant and the county will make it unnecessary that we should decide it.

At the time the two cities were consolidated there were, or might have been, two justices of the peace in each of them.   If one of them was entitled to hold his office in the consolidated city for the whole thereof, all of them would be so entitled.   But there is no provision in the statute authorizing more than two justices of the peace in such city, however it may have been constituted.   It will follow that each of the four could not hold office therein, hence none of them could do so.   The result of the consolidation was either to legislate all of the justices out of office, or to retain them therein until the next election, in the respective precincts bounded by the outlines of the former cities. Whichever of these results may be held to have happened upon the consolidation, the effect upon the rights of the appellant was the same.   If he was legislated out of office he, of course, is not entitled to a salary.   If he was retained in office in a precinct within the boundaries of the city in which he was such justice before the consolidation, he is a justice of the peace of a precinct of less than five thousand inhabitants, and for that reason is not entitled to the benefits of the statute.

In our opinion the trial court correctly determined the law of the case, and its judgment will be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.